```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

NADAL ASFOUR,                   §
                                §
         Plaintiff,             §
                                §
VS.                             §   CIVIL ACTION NO. H-14-1856
                                §
DOW CHEMICAL COMPANY AND ROHM   §
AND HAAS TEXAS, INCORPORATED,   §
                                §
         Defendants.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from state court on federal question jurisdiction, alleging employment discrimination based on national origin, religion, and age and retaliation, are Plaintiff Nadal Asfour's ("Asfour's") opposed motion to remand (instrument #5) and Asfour and Defendants The Dow Chemical Company ("Dow")and Rohm and Haas, Texas, Incorporated's subsequently filed joint stipulation on removal and motion to remove (instrument #7). In the latter document the parties stipulate that Asfour does not now and never will assert a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.,* that the facts do not support an FMLA claim, and that upon remand Asfour will amend his Original Petition to remove all references to the FMLA and to drop Dow as a party Defendant because it was not Asfour's employer. Asfour's discrimination in

-1-

employment claims are otherwise grounded in Chapter 21 of the Texas Labor Code.

It is black letter law that "a plaintiff may not precipitate a remand of an action by amending the complaint to eliminate the basis for removal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). "Although there is older authority to the contrary, the majority view is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat jurisdiction." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985). In *Boelens*, *id.*, *citing Austwick v. Bd. of Educ.*, 555 F. Supp. 840, 842 (N.D. Ill. 1983), the Fifth Circuit warned lower courts against manipulation by a party seeking to delete all federal claims from his complaint in order to obtain a remand:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff . . . cannot be condoned.

*See also Enochs v. Lampasas County*, 641 F.3d 155, 167 (5th Cir. 2011)(quoting same passage for same rule). It further explained that "[t]he rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions

-2-

serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." *Boelens*, 759 F.2d at 507. The district court retains the discretion whether to remand pendent state law claims "after the plaintiff drops the federal cause of action on which removal was originally based." *Jones v. Houston ISD*, 979 F.2d 1004, 1007 (5th Cir. 1992).

Asfour does conclusorily argue that the "two fleeting references" to 29 U.S.C. § 2601, *et seq.*, on page 25 of his Original Petition (copy attached to Notice of Removal (#1)) were "made in error," that Section 7 of the Original Petition proclaims that "Plaintiff does not cite and does not seek relief under any federal law," and that he has not alleged any facts that would support a FMLA cause of action. This third contention has not been briefed by the parties. Since Defendants did enter into the stipulation to remand, if they file a motion to dismiss the FMLA claim for failure to state a claim under Federal Rule of Civil Procedure and if they prevail and the FMLA claim is dismissed, the Court has the discretion to remand the state law claims. However, given the law that the propriety of removal is based on the

plaintiff's pleadings at the time the motion to remove is filed[1]

and the rule of *Boelens* and progeny, the Court

ORDERS that the motions to remand are currently DENIED.

**SIGNED** at Houston, Texas, this  25th  day of  August , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1]  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).